IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CR-00082-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| CHRISTOPHER LEE GRIFFIN (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's letter, pro se, asking for the dates or deadlines by which he must file motions under 28 U.S.C. § 2255 alleging ineffective assistance of his trial and appellate lawyers. (Doc. No. 247).

It is not the role of the Court to calculate deadlines for the defendant. However, he is advised that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, imposes a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Additionally, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  Clay v. United States, 537 U.S. 522, 525 (2003).

**IT IS, THEREFORE, ORDERED** that the defendant's request is denied.

Signed: May 3, 2021

Robert J. Conrad, Jr.
United States District Judge